**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RONNIE MCDONALD**                                                  **PETITIONER**

**v.**                                                                   **CIVIL ACTION NO: 1:14cv116-KS-MTP**

**CHRISTOPHER B. EPPS**                                    **RESPONDENT**

REPORT AND RECOMMENDATION

THIS MATTER comes before the court on Respondent's Motion to Dismiss [5]. Petitioner Ronnie McDonald received a thirty-year sentence on July 13, 1992, following a conviction for kidnaping, four counts of armed robbery, rape, sexual battery, aggravated assault, residential burglary and grand larceny.[1] McDonald is currently incarcerated at the South Mississippi Correctional Institution (SMCI), operated by the Mississippi Department of Corrections ("MDOC") in Leakesville, Mississippi. McDonald has filed a Petition for a Writ of Habeas Corpus [1], challenging the Administrative Relief Procedure ("ARP") decision that he was not entitled to "trusty time" against his sentence. After careful consideration of the record and the submissions of the parties, the undersigned recommends that Respondent's Motion to Dismiss be granted on the grounds that the claims to trusty time are procedurally barred by a failure to exhaust and also time barred under 28 U.S.C. §2244(d).

BACKGROUND

McDonald alleges that he was eligible to earn some form of "trusty time" under Miss. Code. Ann. § 47-5-138.1, from February 2, 2002 until January 2013.[2] Specifically, McDonald claims that

---

[1] Exhibit [1-1] at 10-11.

[2] Petitioner's Response [7] at 2.

he was entitled trusty time from February 2, 2002 until January 2013.[3] McDonald, however did not file an ARP grievance until July 2013.[4] In the first step response, McDonald was informed that the MDOC classification department had determined that he did not qualify for trusty status.[5] In the second step response, McDonald was again informed that he was not qualified to earn trusty time according to his classification.[6]

McDonald appealed the ARP grievance to the Circuit Court of Greene County, which affirmed the ARP decision.[7] McDonald then appealed the Circuit Court decision to the Mississippi Supreme Court, which denied McDonald *in forma pauperis* status,[8] and then dismissed the case when McDonald failed to pay required court costs.[9] McDonald filed the instant habeas petition on February 27, 2014.[10]

## DISCUSSION

---

[3]*Id.*

[4]*Id*.

[5]Exhibit [1-1] at 8.

[6]*Id*. at 9.

[7]Exhibit A [5-1].

[8]Exhibit C [5-3].

[9]Exhibit E [5-5].

[10]According to the mailbox rule, McDonald's *pro se* habeas petition is deemed to be filed on the date that he delivered the petition to prison officials for mailing to the district court, which must have occurred on or before the date it was stamped as "Approved Legal Mail" on February 27, 2014. *See Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by federal courts); *Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000) (holding that Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners).

Exhaustion

A state court prisoner must exhaust available state court remedies as to each and every ground upon which he claims habeas relief pursuant to 28 U.S.C. § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal law requires habeas petitioners to first present their claims in state court and to exhaust all state court remedies. 28 U.S.C. § 2254(b). The exhaustion requirement is generally satisfied when the grounds urged in the federal petition were presented to the highest state court in a procedurally proper manner. *Wenceslao v. Quarterman*, 326 Fed. App'x 789, 790 ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). A habeas petitioner may overcome the procedural default if he is able "to demonstrate cause for the default and actual prejudice as a result," or establish that "a failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

In the present case, McDonald appealed the ARP decision in Greene County Circuit Court, where the decision was affirmed. McDonald then filed a notice of appeal in Mississippi Supreme Court. The circuit court denied *in forma pauperis* status, and the court clerk sent notice to McDonald informing him that he was required to pay the cost of appeal. McDonald did not comply, and on February 6, 2014, McDonald's appeal was dismissed for failure to pay court costs. McDonald has not shown any cause for his procedural default, nor established that a failure to consider his claims will result in a fundamental miscarriage of justice. *Id.* Therefore, because the Mississippi Supreme Court has not been presented with McDonald's claims in a procedurally proper manner, his claims to trusty time have not been fully exhausted, and should be dismissed.

Section 2244(d)

Respondent also contends that McDonald's claims are time barred per 28 U.S.C. § 2244(d). Section 2244(d) provides that a one-year period of limitations applies to an application for a writ of habeas corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or United States law is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made applicable retroactively; or (D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of "due diligence." 28 U.S.C. § 2244 (d)(1). In cases involving prisoner time credit, the limitations period begins to run on the date that the "factual predicate" of the claim could have been discovered through "due diligence." *Baker v. Dretke*, No. Civ.A. 303CV1721L, 2003 WL 22364283, at *2 (N.D. Tex. Oct. 10, 2003); *Williams v. Cockrell*, 2002 WL 1489476 (N.D. Tex. Jul. 10, 2002). The diligence required is "reasonable diligence," and not "maximum feasible diligence." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Section 2244(d)(2) further provides that the time during which a "properly filed" application awaits post-conviction or collateral review in State court is not counted toward the limitation period. The period of limitations may also be suspended on the basis of equitable tolling, in which the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning*, 688 F.3d at 183 (citing *Holland v. Florida*, 560 U.S. 631, 648 (2010)).

Respondent argues that because McDonald alleges that he became eligible for "trusty time" on February 2, 2002, the limitations period commenced on this date. Respondent claims that as of

February 2, McDonald could have discovered through the exercise of "due diligence" that he was not receiving trusty time, which would then result in February 2, 2003 being the last day McDonald could have properly filed his complaint. Per this reasoning, McDonald's habeas complaint, filed on February 27, 2014, is over twelve years late.[11]

McDonald counters in his Reply that he was continually eligible for trusty time until January 2013.[12] This argument suggests that if McDonald was indeed entitled to trusty time, a viable claim would arise on the last day of each month for credit earned during that month. Thus, under McDonald's logic, the limitations period began to run on the last day of January 2013 for the time credit McDonald alleges he earned in that month. McDonald cites no authority, and the undersigned could find none, that directly supports this claim. The closest authority to being on point suggests that the statute of limitations for Section 2244(d) begins to run on the date a petitioner becomes eligible for time credit. *See MacNeill v. Quarterman*, No. 3:08-CV-1882-D, 2006 WL 362268, at *2 (N.D. Tex. Feb. 12, 2009) (holding that the statute of limitations started to run on the date habeas petitioner received his college degree and would have been eligible to receive good conduct time credits).

Even assuming the undersigned accepts McDonald's argument that he was entitled to trusty time on a continuing basis, the majority of his claims are nonetheless time barred. For instance, McDonald's claim for trusty time earned in February 2002 expired in February 2003, with the claims for trusty time for most every subsequent month expiring one year later per Section 2244(d).

The last several months in which McDonald claims he is entitled to time credit require more

---

[11]Motion to Dismiss [5] at 4.

[12]Petitioner's Response [7] at 2.

analysis. McDonald filed the instant petition on February 27, 2014, but he is entitled to statutory tolling for the time his grievance and state court petition were pending. 28 U.S.C. § 2244(d)(2); *see also* Hills v. Gibbs, No. 1:10CV268-A-A, 2011 WL 3477102 at *2 (N. D. Miss. Aug. 9, 2011); *Slainas v. Texas Parole Bd.*, No. SA-10-CA-984-XR, 2010 WL 5788660 at *3 (W.D. Tex. Dec. 22, 2010). McDonald's ARP grievance was pending from July 8, 2013 until September 27, 2013, a total of eighty-two days.[13] McDonald's petition was pending in Mississippi state court until October 18, 2013, when the Circuit Court of Greene County affirmed the ARP decision, a total of twenty-two days.[14] Thus, McDonald is entitled to combined statutory tolling period of 104 days, and when subtracted from McDonald's February 27, 2014 filing date and per his continuing basis argument, McDonald's claims for trusty time from November 15, 2012 to January 2013 may not be time barred.[15]

In an abundance of caution, the undersigned cannot recommend that McDonald's claim be dismissed as time barred in regard to time earned between November 15, 2012 and January 2013. The trusty time McDonald alleges he is entitled to before November 15, 2012, however, is clearly time barred under Section 2244(d). And while the doctrine of equitable tolling may, in some "extraordinary circumstances," prevent the period of limitation from running, neither McDonald nor the record provides any basis for equitable tolling. *Manning*, 688 F.3d at 183. Accordingly,

---

[13]*See* Exhibit [1-1] at 5, 9.

[14]*Id*. at 1. McDonald is not entitled to statutory tolling for the days his petition was pending before the Mississippi Supreme Court, as Section 2244(d)(2) requires a "properly filed" application to successfully toll the limitations period. McDonald never paid the filing fee for his petition, thus, his petition was not "properly filed" before the Mississippi Supreme Court.

[15]The undersigned in no way suggests that any claims are not time-barred have any merit or entitle McDonald to any relief.

McDonald's claims for trusty time before November 15, 2012 are time-barred under Section 2244(d), and should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [5] be GRANTED, and that Petitioner's Application for a Writ of Habeas Corpus [1] be DENIED. The claims that accrued before November 15, 2012 should be dismissed with prejudice as time barred, while the claim to time earned from November 15, 2012 to January 2013 should be dismissed without prejudice for failure to exhaust.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 17th day of September, 2014.

s/ Michael T. Parker
United States Magistrate Judge